UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHANNEL BIO CORP., <br><br> Plaintiff, <br><br> v. <br><br> ERIC LEWIS, DONNIE DUEKER, MIKE ZIEGLER, JANE ZIEGLER, ERIC BERNHARD, SANDRA BERNHARD, CHRIS VOEGELE, DJD-3, INC., and CLAY COUNTY STATE BANK, <br><br> Defendants. | Case No. 08-cv-57-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Motion to Dismiss for Lack of Jurisdiction (Doc. 34) filed by Defendants DJD-3, Inc., Donnie Dueker, Mike Ziegler, Jane Ziegler, Eric Bernhard, and Sandra Bernhard and the parallel Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 45) filed by Defendant Eric Lewis. Plaintiff has responded to both motions (Docs. 46, 50). The time for further filings has passed. For the following reasons, the Court DENIES the Motions.

### BACKGROUND

**I.  STANDARD**

A defendant can challenge a court's subject matter jurisdiction under Rule 12(b)(1) in two ways. He may make a facial challenge to the sufficiency of the complaint's jurisdictional allegations as a matter of law, in which case, as with a Rule 12(b)(6) motion, all well-pleaded factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); 2 James Wm. Moore *et al.*, *Moore's Federal Practice*,

§ 12.30[4], at 12-38 to 12-39 (3d ed.).

A defendant may also challenge the facts on which the complaint relies to allege jurisdiction, in which case the plaintiff is not entitled to have his allegations taken as true or to have any inferences drawn in his favor. *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999); 2 James Wm. Moore *et al.*, *Moore's Federal Practice*, § 12.30[4], at 12-38 to 12-40 (3d ed. 2000). To resolve a challenge to the facts, a court may receive and weigh evidence outside the allegations in the complaint to determine if it has subject matter jurisdiction over the case. *Sapperstein*, 188 F.3d at 855-56. In any case, the plaintiff has the burden of proving that subject matter jurisdiction exists. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

In the case at bar, the defendant challenges the sufficiency of the complaint's jurisdictional allegations as a matter of law. Therefore, the Court accepts as true all well-pleaded factual allegations and construes them in the light most favorable to the plaintiff. The facts are drawn from the allegations in and the documents attached to the Complaint and the facts asserted in and documents attached to Defendants's Motions to Dismiss and Plaintiff's Responses.

## II. CITIZENSHIP OF PARTIES

Plaintiff Channel Bio Corp. (Channel) is a corporation incorporated in Indiana with its principal place of business in Indiana. Crow's Hybrid Corn Company (Crow's) was a corporation incorporated in Illinois with its principal place of business in Illinois. On August 31, 2007, Crow's (and other seed companies not relevant to this dispute) merged with Channel. The plan of merger filed with the Illinois Secretary of State listed Channel as the surviving corporation. The articles of merger, which also list Channel as the surviving corporation, were accepted by the Indiana Secretary of State on August 28, 2007 with an effective date of August

31, 2007.  All Defendants are citizens of Illinois.

## III.   FACTS

According to the Complaint, Defendant Eric Lewis worked as a District Sales Manager (DSM) for Crow's.  As a DSM, Lewis sold Crow's corn and soybean seed directly to growers and to seed dealers for resale to growers.  In May and June of 2007, Lewis entered into agreements with Defendants DJD-3, Inc., Donnie Dueker, Mike Ziegler, Jane Ziegler, Eric Bernhard, Sandra Bernhard and Chris Voegele for the sale of large amounts of seed for prices below Crow's authorized and published sale prices.  Lewis and the above named Defendants entered into the agreements with the understanding that Lewis would break the purchases into smaller quantities and the above named Defendants would resell the seed to other growers for an increased price and keep the profits for themselves.  Crow's did not authorize Lewis to enter into such agreements.  As a result of the large volume sales, Crow's lost profits and paid Lewis bonuses to which he was not actually entitled.

Additionally, Lewis collected checks from Crow's customers made payable to Crow's, but never forwarded the checks to Crow's.  Instead Lewis endorsed the checks, either forging Crow's endorsement or endorsing them in his own name, and deposited the checks into his personal account with Defendant Clay County State Bank.  The bank wrongfully made the funds available to Lewis, who then used the funds for his own purposes.  In under two months, Lewis fraudulently converted over two million dollars in checks made payable to Crow's.  Channel filed this action on January 25, 2008, asserting counts for declaratory judgment, common law fraud, civil conspiracy, common law conversion, conversion of a negotiable instrument, and unjust enrichment against Defendants.  Channel asserted federal jurisdiction based on diversity of citizenship because it is a citizen of Indiana and all Defendants are citizens of Illinois and

3

more than $75,000 is in controversy. Defendants contend that diversity jurisdiction does not exist because Channel should be considered a citizen of Illinois.

## ANALYSIS

**I.     CITIZENSHIP OF CHANNEL**

Diversity of citizenship is established at the time the action is filed. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Under Illinois law, when several corporations merge, the separate existence of all non-surviving corporations party to the plan of merger cease. 805 ILCS 5/11.50. Only the corporation designated in the plan of merger as the surviving corporation continues to exist. *Id*. The surviving corporation is the successor in interest to all the rights, powers, liabilities and obligations of the merging corporations. *Id*.

Similarly, under Indiana law, "when a merger takes effect every other corporation party to the merger merges into the surviving corporation and the separate existence of every corporation except the surviving corporation ceases." Ind. Code 23-1-40-6. Following a merger, the surviving corporation succeeds to all the rights, powers, liabilities and oblations of the merging corporations. *Kingstown Lake Property Owners Ass'n, Inc. v. Big Blue River Conservancy Dist.*, 383 N.E.2d 361 (Ind. App. Ct. 1978).

Therefore, under the laws of both Illinois and Indiana, as of the date of the merger, August 31, 2007, Crow's ceased to exist and Channel became its successor in interest. Although the conduct at issue here occurred when Crow's existed as a separate corporation, the action was not filed until after the merger, at which point Crow's had ceased to exist. As successor in interest to Crow's cause of action, Channel properly filed this case in its own name and on its own behalf.

Defendants contend, however, that the Court must consider Channel to have taken on the

citizenship of the corporation that merged into it. In support, Defendants point to various cases interpreting the consolidation of railroads. These cases are unconvincing, first because they are grounded on the statutes pursuant to which railroads were consolidated, rather than on the statutes pursuant to which corporations are merged. More importantly, however, the cases cited by Defendants were all decided prior to 1958, when Congress first amended the federal diversity statute to expressly address the citizenship of corporations for diversity purposes. *See* Pub.L. No. 85-554, § 2, 72 Stat. 415 (1958), codified at 28 U.S.C. § 1332(c). It is now clear that "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1). The language of the statute leaves no room for Defendants's contention that a corporation should also be deemed to take on the citizenship of corporations with which it merged. Channel is a corporation incorporated in Indiana with its principal place of business in Indiana. Therefore it is a citizen of Indiana for diversity purposes. Because all Defendants are citizens of Illinois, and because more than $75,000 is in controversy, the Court has jurisdiction to hear this action.

## II.  ALIGNMENT OF PARTIES

Defendants also contend that the Court should realign Defendant Lewis with Plaintiff Channel, thus destroying complete diversity. "Realignment is proper when the court finds that no actual, substantial controversy exists between parties on one side of the dispute and their named opponents...." *Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir.1981). Realignment is "undoubtedly improper" if "an actual, substantial controversy exists between a party on one side of the dispute and its named opponent." *Krueger v. Cartwright*, 996 F.2d 928, 932 n. 5 (7th Cir.1993). Here, Channel alleges that Lewis conspired to defraud it out of a substantial sum of money, and Channel seeks damages from Lewis as a result. Certainly, this

constitutes an actual, substantial controversy between the parties, making realignment improper. Accordingly, the Court will not realign the parties.

## CONCLUSION

Because this action is properly before the Court on diversity jurisdiction, the Court **DENIES** Defendants's Motions to Dismiss for Lack of Jurisdiction (Docs. 34 and 45).

**IT IS SO ORDERED.**
**DATED: June 26, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**