IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHANNEL BIO CORPORATION,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **08-057-JPG** |
| | ) |
| **ERIC LEWIS, et al.,** | ) |
| | ) |
| Defendants. | ) |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is Defendant Clay County State Bank's Motion to Compel Plaintiff to Produce Documents. **(Doc. 110)**. Plaintiff filed a response at **Doc. 111.** Defendant then filed a reply at **Doc. 114.** The motion is fully briefed and ripe for decision.

Plaintiff alleges that it is "in the business of researching, developing, and selling corn and soybean seed for the production of agricultural crops." **Amended Complaint, Doc. 85, ¶2**. Defendant Lewis was formerly employed as a District Sales Manger for an independent seed dealer, Crow's Hybrid Corn Company, which is now a division of Channel. Plaintiff alleges that defendant Lewis, entered into agreements with other defendants, including Voegele, for the purchase and resale of Crow's branded corn and soybean for a profit. Voegele paid Lewis for "for large volumes of seed at a price significantly below Channel's authorized and published sale price(s)." **Doc. 85, ¶30.** Voegele paid by a check in the amount of $114,000.00, made payable to Crow's, which Lewis then fraudulently endorsed over to himself and deposited at Clay County State Bank. Plaintiff alleges that the Bank "knew or should have known that Defendant Lewis was not authorized to endorse checks to himself on behalf of Crow's." **Doc. 85, ¶41**. The seed for which Voegele paid was never delivered. Plaintiff sought a declaratory judgment that

1

Channel Bio is not liable to Voegele under the agreement entered into by Voegele and Lewis. **(Doc. 85, p. 20).** Voegele filed a counterclaim alleging breach of contract against Channel Bio, and a counterclaim for honoring Lewis' endorsement of his check against the Bank. **See, Doc. 68.**

According to the Bank, in addition to being a farmer, Voegele was and still may be a seed salesman for Channel Bio. **Doc. 114.**

Plaintiff and Voegele have reached a settlement agreement. One of the terms of the agreement is that Voegele's claims against Lewis and the Bank were assigned to Channel Bio. **See, Doc. 80**. Voegele was then dismissed on Channel Bio's motion. **See, Doc. 108.**

The instant motion concerns the Bank's attempt to learn the terms of the settlement. The Bank served a request to produce on Channel Bio, seeking all documents related to the settlement agreement between Channel Bio and Voegele. Channel Bio objected as follows:

> Channel objects to this request as it seeks documents relating to an agreement that contains a confidentiality provision prohibiting its disclosure. Channel further objects to the request as seeking information and documentation outside the scope of discoverability detailed in Fed.R.Civ.P. 26(b). Responding further, Channel notes that it has already produced (via filing with the Court) the two (2) assignments relating to Mr. Voegele's and his bank's asserted and unasserted claims that may impact Clay County State Bank's liability in this matter.

**Doc. 110, Ex. A**.

Clay County State Bank points out that it is not seeking documents relating to settlement negotiations; rather, it seeks the documents created after the settlement agreement was reached. **Doc. 111, p. 6**.

Rule 26(b) provides for a broad scope of discovery. The parties to a lawsuit are permitted to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The Bank argues that the terms of the settlement are relevant to possible bias or prejudice on the part of Voegele, whom it claims will be a witness.

Channel Bio argues that the settlement agreement is not likely to lead to the discovery of admissible evidence. It also asserts that Voegele will not be called as a witness at trial, at least not by it.

It is difficult to understand how the settlement agreement between Voegele and plaintiff could not be relevant. It is also difficult to imagine that Voegele would not be called as a witness by at least one party at trial, since he was an active participant in the transactions which give rise to this lawsuit. He has not yet been deposed, but the Bank represents that it intends to depose him when it obtains the documents in issue. Channel Bio's relevance objection is therefore denied.

Plaintiff's confidentiality objection fares no better. The Court has previously denied a motion for a protective order in this case. **See, Doc. 71.** That order was entered well before Channel Bio and Voegele entered into their settlement agreement. **See, Doc. 80.** Plaintiff cannot circumvent the denial of the motion for protective order and shield relevant information from discovery by including a confidentiality clause in the Voegele settlement agreement.

Upon consideration and for good cause shown, Defendant Clay County State Bank's Motion to Compel Plaintiff to Produce Documents **(Doc. 110)** is **GRANTED**. Plaintiff is ordered to produce the full settlement agreement between it and Voegele no later than **June 30, 2009.**

**IT IS SO ORDERED.**

**DATE: June 23, 2009.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**