UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

CHANNEL BIO CORPORATION,

       Plaintiff,

   v.

ERIC LEWIS, *et al.*,

       Defendants.

Case No. 08-cv-57-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Channel Bio Corporation's ("Channel")

Motion for Partial Summary Judgment (Doc. 121) and Memorandum (Doc. 122) in support

thereof.  Filed on October 23, 2009, said motion is directed at Count II of the first Amended

Complaint (Doc. 85), alleging common law fraud against Defendant Eric Lewis.[1]  Pursuant to

Local Rule 7.1(c), Lewis's response was due thirty days after Channel's motion was filed, but

thirty days passed and Lewis did not respond.  On December 7, the Court issued a Memorandum

and Order (Doc. 130) to show cause why Lewis's failure to respond should not result in the

admission of the motion's merits and judgment in Channel's favor.  While a copy of the order

was sent to Lewis's most recent home address, it has come to the Court's attention that Lewis is

---

[1]Channel's motion argues the following two primary grounds for relief: 1)
Lewis's failure to answer the amended complaint dictates default judgment, and; 2)
Lewis's actions, preserved in the record of his criminal trial, leave no issue of material
fact in Channel's common law fraud claim.

       As an aside, with respect to Channel's first argument, the Court notes that Federal
Rule of Civil Procedure 55(b)(2) allows a party to apply for *judgment* by default after an
*entry* of default has first been made.  *See, e.g., UMG Recordings, Inc. v. Stewart*, 461 F.
Supp. 2d 837, 840 (S.D. Ill. 2006) ("Obtaining a default judgment entails two steps . . .
[the first of which requires a] party seeking a default judgment . . . [to] file a motion for
entry of default with the clerk of a district court by demonstrating that the opposing party
has failed to answer or otherwise respond to the complaint . . . .").  Put another way,
Channel will need to file  an entry of default if its first argument is to prove meritorious.

currently incarcerated in federal prison.[2]  The Court finds it possible, albeit unlikely, that Lewis

has yet to see either the partial summary judgment motion or show cause order; accordingly,

Lewis will have one last opportunity to address this Court before a ruling is handed down.

For the foregoing reasons, the Court hereby **ORDERS** Lewis to **SHOW CAUSE** on or

before February 19, 2010, why the Court should not construe his failure to timely respond to the

motion for partial summary judgment as an admission of the merits of the motion and enter

judgment accordingly.  Further, the Court **DIRECTS** the Clerk of Court to mail a copy of the

Motion for Partial Summary Judgment (Doc. 121) and Memorandum (Doc. 122) in support

thereof, the Court's previous Memorandum and Order (Doc. 130) to show cause, and this order

to Eric Len Lewis, 08189-025, FCI Manchester, Federal Correctional Institution, P.O. Box 4000,

Manchester, KY 40962.  Lewis shall keep this Court apprised of his whereabouts, or he will face

the consequences of non-responsiveness in this and any other related litigation.

**IT IS SO ORDERED.**
**DATED: January 14 , 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[2]Lewis pled guilty to one count of mail fraud and one count of money laundering in *United States of America v. Eric Len Lewis*, 09-cr-40031-GPM (S.D. Ill. May 18, 2009).  He is serving a sixty month sentence.