UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

CHANNEL BIO CORPORATION,

    Plaintiff,

  v.

ERIC LEWIS, *et al.*,

    Defendants.

Case No. 08-cv-57-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Channel Bio Corporation's (hereinafter "Channel") Motion for Partial Summary Judgment (Doc. 121) and Memorandum (Doc. 122) in support thereof, wherein Channel seeks judgment in its favor on Count II of the Amended Complaint (Doc. 85), alleging common law fraud against Defendant Eric Lewis (hereinafter "Lewis"). Despite two show cause orders entered by the Court (*see* Docs. 130, 132), Lewis has yet to file a response. Subsequently, as referenced in both show cause orders, the Court can and will construe Lewis' failure to respond as an admission of the merits of the instant motion and enter judgment accordingly.

Channel's motion argues the following two grounds for relief: (1) Lewis' failure to answer or otherwise respond to the amended complaint mandates default judgment and corresponding damages against him, and (2) Lewis' guilty plea in a related criminal case carries preclusive effect that dictates civil fraud liability as to Channel. Each will be addressed in kind.

First, on the default judgment issue, the Court notes that Channel did not take heed of the Court's words in its second show cause order. Therein, the Court informed the parties that "Federal Rule of Civil Procedure 55(b)(2) allows a party to apply for *judgment* by default after an *entry* of default has first been made." (Doc. 132, p. 1 n.1); *see, e.g., UMG Recordings, Inc. v.*

*Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006) ("Obtaining a default judgment entails two steps . . . [the first of which requires a] party seeking a default judgment . . . [to] file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint . . . ."). The Court even went so far as to explain that "Channel will need to file an entry of default if its first argument is to prove meritorious." (Doc. 132, p. 1 n.1). Since Channel has yet to move for entry of default, the Court finds its first argument to be without merit, even despite Lewis' non-responsiveness.

Next, the Court comes to the preclusion issue. Last May, Lewis pled guilty to one count of mail fraud and one count of money laundering. *See United States of America v. Eric Len Lewis*, 09-cr-40031-GPM (Doc. 4) (S.D. Ill. May 18, 2009). District Judge G Patrick Murphy entered final judgment as to Lewis on August 19, 2009. *Id.* at (Doc. 26). "In this Circuit, a criminal conviction based upon a guilty plea conclusively establishes for purposes of a subsequent civil proceeding that the defendant engaged in the criminal act for which he was convicted." *Nathan v. Tenna Corp.*, 560 F.2d 761, 763 (7th Cir. 1977) (wherein defendant's guilty plea on federal mail fraud charges conclusively established the underlying conduct as criminal, and defendant could not thereafter present evidence to the contrary in subsequent civil proceeding).

Here, in light of Channel's uncontested allegations in its summary judgment motion, the Court finds that Lewis' guilty plea acts as a judicial admission and prior judgment for purposes of collateral estoppel. Furthermore, the Court finds that no genuine issue of material fact exists as to the commission of common law fraud by Lewis. Specifically, the Court holds that Lewis made a false statement of material fact, he made said statement knowing that it was false and with the intent to induce Channel to act, Channel relied upon the truth of said statement, and

Channel suffered damages in the amount of $4,247,391.00 as a result of its reliance on said statement. *See Connick v. Suzuki Motor Co., Ltd.* 675 N.E.2d 584, 591 (Ill. 1996). In sum, Lewis is precluded from litigating the common law fraud count and will be civilly liable to Channel as to said count.

For the foregoing reasons, the Court **GRANTS** Channel's Motion for Partial Summary Judgment (Doc. 122), alleging common law fraud against Lewis. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of this case.

**IT IS SO ORDERED.**
**DATED: March 5, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
